M.C. JEFFERS, Al Porter, Evangeline Brown, Clyde Collins, O.C. Duffy, Earl Foster, the Rev. Ellihue Gaylord, Shirley M. Harvell, Linda Shelby, J.C. Jeffries, Lavester McDonald, Joseph Perry, Clinton Richardson, T.E. Patterson, Earnest Simpson, Brian Smith, and Charlie Statewright, on Behalf of Themselves and all Others Similarly Situated, Plaintiffs,

v.

Bill CLINTON, in his Official Capacity as Governor of Arkansas and Chairman of the Arkansas Board of Apportionment; W.J. McCuen, in his Official Capacity as Secretary of State of Arkansas and Member of the Arkansas Board of Apportionment; and Steve Clark, in his Official Capacity as Attorney General of Arkansas and Member of the Arkansas Board of Apportionment, Defendants.

No. H–C–89–004.

United States District Court, E.D. Arkansas, E.D.

Submitted April 15, 1991.

Decided April 18, 1991.

P.A. Hollingsworth, Little Rock, Ark., L.T. Simes, II, West Helena, Ark., Kathleen Bell, Helena, Ark., Olly Neal, Jr., Marianna, Ark., Don E. Glover, Dermott, Ark., Penda D. Hair, Washington, D.C., Donna L. Dennis, New York City, Julius L. Chambers, Dayna L. Cunningham, Sherrilyn Ifill, N.A.A.C.P. Legal Defense Fund, Inc., New York City, and Sheila Y. Thomas, N.A.A.C.P. Legal Defense Inc., Washington, D.C., for plaintiffs.

Frank J. Wills, III, Atty. General's Office, Little Rock, Ark., for defendants.

Before ARNOLD, Circuit Judge, EISELE, Chief District Judge, and HOWARD, District Judge.

ARNOLD, Circuit Judge.

On March 28, 1991, this Court ordered the defendants to pay to the plaintiffs, as an award of attorneys' fees and litigation expenses, the sum of $198,771.71. We directed the defendants to make the payment on or before April 15, 1991. The amount represents that portion of the fees and expenses requested by plaintiffs that is not disputed by defendants. It is agreed by all parties, in other words, that at least $198,771.71 is due and owing. The extent to which an additional award will be made will be decided by this Court in due course.

Defendants have not complied with the order. Instead, on April 15, 1991, the last day for compliance, they filed a motion for extension of time. Defendants ask that we give them until July 2, 1991, for compliance. Defendants claim "that there is no money currently appropriated to make such a payment." Motion for Extension of Time, paragraph 2. An affidavit of the defendant Clinton, attached to the motion, explains that the Legislature has appropriated money from which the fees can be paid, but that under Arkansas law the money will not be available until July 1, 1991, the first day of the next fiscal biennium. See Act 1215 of 1991; Ark.Code Ann. § 19–4–701.

Plaintiffs do not contest the facts contained in the Governor's affidavit, and neither do we. These facts, however, are not a reason for extending the time within which defendants may meet their obligations. Defendants do not contend that the State of Arkansas does not own cash or other assets in the amount involved. The State, for example, presumably has bank accounts containing sums greatly in excess of that in question at the present time. The existence of state-law restrictions as to the purposes for which these funds may be spent is not legally material in the present context. Plaintiffs have established in this case that defendants violated the Voting Rights Act, a federal statute. We have ordered appropriate relief, including the interim payment of attorneys' fees in an amount agreed to be owing by both sides of the case. The Supremacy Clause of the Constitution of the United States obliges the state, notwithstanding any state-law restrictions, to comply with these directions.

Accordingly, the motion for extension of time within which to comply with our order of March 28, 1991, is denied. The defendants, in their official capacities, are directed to comply with this order forthwith. If compliance is for any reason not forthcom-

ing, plaintiffs may apply to this Court for further or supplemental relief.